UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES DELANO, by and through his next friend, VICTORIA DELANO,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE M. AZAR, in her official capacity as Commissioner of the Alabama Medicaid Agency,<br><br>JEAN W. BROWN, in her official capacity as Commissioner of the Alabama Department of Senior Services,<br><br>ALABAMA SELECT NETWORK, LLC, an Alabama Limited Liability Company,<br><br>ALAHEALTH, INC., an Alabama corporation,<br><br>SENIORSELECT PARTNERS, INC., a foreign corporation,<br><br>    Defendants. | CASE NO. _____ |

**I.   COMPLAINT BEFORE THE COURT AND PRAYER FOR RELIEF**

1.   Plaintiff James Michael DeLano, by and through his next friend, Victoria DeLano, hereby makes the following Complaint, and prays that this Honorable Court grant relief. In support of same, the following is offered:

**II.   JURISDICTION AND VENUE**

2.   This civil action for declaratory and injunctive relief is authorized by 42 U.S.C. § 1983 to redress the ongoing deprivation under color of state law of rights guaranteed under federal law. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1342(3), and

1

42 U.S.C. § 1983. Plaintiff's request for declaratory and injunctive relief is proper under 28 U.S.C. § 2201-01.

3. This Court's supplemental jurisdiction over the state law claims arising from violations of the Alabama Administrative Procedure Act, Ala. Code §§ 41-22-1, *et seq.*, is authorized by 28 U.S.C. § 1367(a), as those claims are "so related to [the] claims" forming the basis for this Court's original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution."

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendants presently reside in Alabama's Middle District.

### III. PARTIES

5. Plaintiff James DeLano is a 19-year-old man who resides in Hoover, Jefferson County, Alabama. Mr. DeLano is a beneficiary of Alabama's Elderly and Disabled (E&D) Medicaid Waiver. Mr. DeLano brings this action through his mother and next friend, Victoria DeLano.

6. Defendant Stephanie M. Azar is the Commissioner of the Alabama Medicaid Agency, which co-administers the E&D Waiver, pursuant to Section 1915(c) of the Social Security Act and 42 C.F.R. § 441(g). *See* Ala. Admin. Code § 560-X-36-.03. As Commissioner, Defendant Azar is charged under Alabama law with administering the state Medicaid program as directed by the Governor. Ala. Admin. Code §§ 560-X-1-.03 (role of Commissioner), 560-X-1-.01 (organizational description). Defendant Azar is sued in her official capacity as Commissioner of the Alabama Medicaid Agency.

7. Defendant Jean W. Brown is the Commissioner of the Alabama Department of Senior Services, which co-administers the E&D Waiver, pursuant to Section 1915(c) of the Social

Security Act and 42 C.F.R. § 441(g). *See* Ala. Admin. Code §§ 70-X-1, *et seq*. (powers and duties of ADSS); *see also* Ala. Admin. Code § 560-X-36-.03 (ADSS is operating agency for E&D Waiver). Defendant Brown is sued in her official capacity as Commissioner of the Alabama Department of Senior Services.

8. Defendant Alabama Select Network, LLC (ASN) is an Alabama Limited Liability Company with its primary place of business at 3008 Seventh Avenue South, Birmingham, Alabama 35233. ASN is an agent of SeniorSelect Partners, Inc. (SeniorSelect), a Delaware corporation doing business in Alabama.

9. Defendant AlaHealth, Inc. (AlaHealth) is an Alabama corporation organized and existing under the laws of the State of Alabama with its primary place of business at 375 Riverchase Parkway East, Hoover, Alabama 35244. AlaHealth is a subcontractor of ASN.

10. Defendant SeniorSelect Partners, Inc. (SeniorSelect) is a Foreign Corporation organized and existing under the laws of the State of Delaware and registered with the Alabama Secretary of State to conduct business in Alabama. SeniorSelect owns ASN, which, in turn, contracts with AlaHealth to perform duties related to the administration of Alabama's Integrated Care Network (ICN).

IV. **STATUTORY FRAMEWORK**

    A. **The Medicaid Act and its implementation in Alabama**

11. The Medicaid program, established by Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 *et seq.*, is a cooperatively funded federal-state program whose goal is to help meet the medical needs of individuals and families who would otherwise be unable to do so. *Id.*

12. While participation in the Medicaid program is optional for states, choosing to participate requires compliance with federal statutory and regulatory requirements. 42 U.S.C. §

3

1396(a). Alabama has elected to participate; therefore, its programs are governed by federal statutes and regulations, to which it must adhere.

13. Regulatory standards adopted by the co-administrators of the state Medicaid program regarding the extent of medical assistance must be reasonable and consistent with the objectives of the Medicaid Act. 42 U.S.C. § 1396(a)(17).

14. The E&D Waiver is one of seven HCBS waivers that the State of Alabama currently operates. The E&D Waiver serves individuals of any age who meet the Nursing Facility Level of Care (NF LOC) criteria as promulgated by Ala. Admin. Code § 560-X-10-.10, and serves as an alternative to institutionally based care. As a matter of federal law, the program's operation and its compliance with state and federal law are the responsibility of the Alabama Medicaid Agency. *See* 42 U.S.C. § 1396a(a)(5), 42 C.F.R. § 431.10(b) (mandating the creation of a Single State Agency to "administer or supervise the administration of" a state's Medicaid programs).

15. Alabama law, as required by federal law, provides that E&D Waiver recipients who are aggrieved by the decisions and/or actions of ADSS and Alabama Medicaid regarding their services are entitled to written notification of such decision and/or action and an opportunity to file an appeal. *See generally* Ala. Admin. Code Ch. 560-X-3.

### B. The due process requirements of the Medicaid Act and the Fourteenth Amendment

16. Reflecting the long-standing proposition that "the fundamental requisite of due process is the opportunity to be heard," *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)), the Medicaid Act and its implementing regulations mandate that, when the state terminates, reduces, or suspends a Medicaid beneficiary's services, that beneficiary is entitled to notice and a hearing to challenge that adverse action. *See* 42 U.S.C. § 1396a(a)(3), 42 C.F.R. § 431.220; *see also* 42 C.F.R. § 431.201 (defining "action" in part as "a

termination . . . of . . . covered benefits or services . . ."). Due process also requires that the opportunity to be heard is one which must be granted "in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

17. The Medicaid Act's implementing regulations impose extensive obligations upon state Medicaid agencies to secure the due process rights of applicants and beneficiaries when adverse determinations are made with regard to their eligibility or services. As a threshold matter, state hearing systems must meet *at least* the constitutional due process standards prescribed by *Goldberg*. *See* 42 C.F.R. § 431.205(d). Among other requirements, *Goldberg* mandates that Medicaid recipients have "timely and adequate notice detailing the reasons for a proposed termination [of services], and an effective opportunity to defend [against the termination] by confronting any adverse witnesses and by presenting his own arguments and evidence orally." *Goldberg*, 397 U.S. at 267-68. Importantly, *Goldberg* also requires a pre-termination hearing. *Id*. at 263-64.

18. The agency must also inform applicants and beneficiaries *in writing* of, among other things, their rights to a fair hearing and the method by which they may obtain a hearing at any time that 42 C.F.R. § 431.220(a) would require a hearing. *See* 42 C.F.R. § 431.206(c)(2). State agencies must also send notice of the action at least 10 days before the action is to take effect; maintain services throughout the appeal process as long as the 10-day notice is sent and the beneficiary requests a hearing before the date of the action; and must reinstate services if the hearing request is received within 10 days after the date or action *or* where the agency took action without providing the required advance notice. *See* 42 C.F.R. § 431.211; 42 C.F.R. § 431.230(a); 42 C.F.R. § 431.231(a); 42 C.F.R. § 431.231(c)(1).

19. Further, because Medicaid is an entitlement program, it must be administered in accordance with the due process requirements of the Fourteenth Amendment. *See Goldberg v. Kelly*, 397 U.S. 254 (1970) (holding that due process requires that welfare beneficiaries be given effective notice and right to a hearing); *see also* 42 C.F.R. § 431.205(d) (requiring that the state Fair Hearing systems mandated by the Medicaid Act must meet *at least* the constitutional due process standards required by *Goldberg*). Constitutional due process requirements mandate that Defendants provide meaningful notice of adverse actions regarding E&D Waiver services and an opportunity for E&D Waiver participants to be heard regarding same. *See, e.g.*, *Schweiker v. Gray Panthers*, 453 U.S. 34, 36-37 (1981).

### C. The requirements of the Alabama Administrative Procedure Act

20. The Alabama Administrative Procedure Act (AAPA) is a "[m]inimum procedural code for the operation of all state agencies when they take action affecting the rights or duties of the public." Ala. Code § 41-22-2(a). The AAPA must be construed broadly to "effectuate its purpose of 'increasing the fairness of agencies in their conduct of contested case proceedings.'" *Ex parte Forest Manor, Inc.*, 739 So. 2d 20, 23 (Ala. 1998) (citing Ala. Code § 41-22-2(b)(6)). Ala. Code § 41-22-3(1) defines an agency as, with limited exceptions not applicable here, "every board, bureau, commission, department, officer, or other administrative office or unit of the state."

21. Ala. Code § 41-22-3(3) defines a contested case as a "proceeding . . . in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing."

22. The AAPA further requires that all parties in a contested case "*shall* be afforded an opportunity for a hearing" after the provision of appropriate notice as defined by statute. Ala. Code § 41-22-12(a) (emphasis supplied). The word "shall" is "imperative and mandatory," and indicates

that Alabama Medicaid does not have the discretion to decide when an opportunity for a hearing may be provided. *Compare Ex parte Forest Manor, Inc.*, 739 So. 2d at 23 (State Health Planning and Development Agency did not have discretion about what to include in a "notice regarding a contested case," because the applicable statutory language created a mandate).

23. Finally, the AAPA vests courts with the ability to compel a final decision in a case where necessary to protect an aggrieved party's procedural rights: Where an agency unreasonably delays in reaching a final decision in a contested case, that unreasonable delay "shall be justification for any person whose rights, duties, or privileges are adversely affected by such delay to seek a court order compelling action by the agency." Ala. Code § 41-22-20(f).

V.    FACTS

24. On March 1, 2024, Plaintiff James DeLano received an email from Lakiesha Williams, an employee of ASN/AlaHealth advising him that the Medical Case Management (MCM) services he receives through ASN/AlaHealth as part of his E&D Waiver services would be terminated effective immediately. In part, the email informing Mr. DeLano of the service termination contended that the MCM service is "a duplication of the services provided/offered by UAB STEP Clinic, the care and assistance expected of the Private Duty Nurse, and the assistance expected of the Personal Choices Workers[.]" A copy of that email is attached as Exhibit A.

25. Mr. DeLano's mother, representative, and next friend in this action, Victoria DeLano, requested on March 1, March 5, and March 15, 2024 that Mr. DeLano be afforded appropriate notice of the termination and advice of his appeal rights. Her requests were ignored.

26. Undersigned counsel then made the same request on Mr. DeLano's behalf directly to ASN's counsel, Angie Cameron Smith, on March 18, 2024. Ms. Smith answered the undersigned's first request on March 20, 2024, stating that she was "looking into whether appeal

rights are triggered by the discontinuation of medical case management based on duplication of services." Ms. Smith also advised that she would treat Ms. DeLano's appeal request as a "reconsideration" of the termination of the MCM service. The undersigned requested a response again on March 26, 2024. Ms. Smith contended in an email later that day that the Alabama Medicaid Agency had "confirmed" that the termination of the MCM service was "not an appealable decision."

27. On March 28, 2024, the undersigned again requested that Mr. DeLano be provided with formal written notice of the service termination and advisement of his appeal rights, noting to Ms. Smith that Alabama Medicaid's opinion regarding the appealability of the termination of the MCM service did not change the requirements of federal law, and that the service termination triggered Mr. DeLano's due process rights as contemplated by the Medicaid Act and its implementing regulations. The undersigned again requested a follow-up on April 1, 2024. On April 2, 2024, Ms. Smith sent (through a secure portal that the DeLanos were not able to access) an exact copy of the letter that Ms. Williams sent on March 1, 2024, with the addition of a single sentence advising Mr. DeLano that he could file a grievance with Alabama Medicaid if he had "concerns" about the termination of the MCM service. A copy of that letter is attached as Exhibit B.

28. On April 4, 2024, the undersigned made a final request that Mr. DeLano be provided with an appropriate termination notice and advice of his appeal rights. Ms. Smith refused, contending that "[t]he filing of a grievance is part of the administrative remedy process available to James." No further information about the "administrative remedy process" that the state has apparently opted to force upon Mr. DeLano in this matter was provided.

29. In the interest of preserving whatever due process rights the state may deign to grant Mr. DeLano under this new, arbitrary scheme, the DeLano family filed a grievance letter with

Alabama Medicaid's Long Term Care Division on April 29, 2024, with copies via email and Certified U.S. Mail to Ms. Smith and to Alabama Medicaid's General Counsel, Bo Offord. A copy of that letter is attached as Exhibit C. To date, no response has been received. Mr. DeLano still has not been granted the opportunity for a hearing to challenge the termination of his MCM services.

### A. The United States Constitution and the Medicaid Act require that E&D Waiver participants like Mr. DeLano be afforded due process.

30. Alabama Medicaid, through ADSS and ASN—the latter of which facilitates the provision of Medicaid services for which the state of Alabama receives Federal Financial Participation (FFP) and which is therefore subject to all associated requirements—failed to comply with the due process requirements of the Medicaid Act, its implementing regulations, *Goldberg*, and the Fourteenth Amendment to the United States Constitution. They did not provide Mr. DeLano with timely notice of the termination of his MCM service; he was instead informed the service was being terminated effective immediately in a letter sent via email on a Friday evening. They did not provide him with an opportunity to either maintain or have his services reinstated throughout the pendency of any "appeals process." They did not provide him with an opportunity to defend against the termination, either on a pre- or post-termination basis.

31. Advising Mr. DeLano over a month after the initial service termination that he may avail himself of some opaque "administrative remedy process" that apparently begins with the filing of a grievance—not with a specific person or office, but with Alabama Medicaid's LTC Division generally—does not fulfill the requirements of the Medicaid Act, its implementing regulations, or constitutionally required due process protections. In sum, ASN and Alabama Medicaid have consistently refused to provide Mr. DeLano, a Medicaid recipient, with the due process protections to which he is entitled as a matter of federal law. This is impermissible and illegal.

**B. The Alabama Medicaid Agency was obligated under the Alabama Administrative Procedure Act to provide Mr. DeLano with the opportunity for a hearing on the termination of his MCM services before effectuating the termination.**

32. Alabama Medicaid and ADSS are both "agenc[ies]" within the definition of the AAPA. *See* Ala. Code § 41-22-3(1). As the Single State Agency tasked with "administer[ing] or supervis[ing] the administration of" Alabama's Medicaid programs, *see* 42 C.F.R. § 431.10, Alabama Medicaid also has certain non-delegable duties. For example, the agency may not delegate "the authority to supervise the plan or to develop or issue policies, rules, and regulations on program matters," nor may other agencies performing services for the Medicaid agency be allowed to substitute their judgment for that of the Medicaid agency. *See* 42 C.F.R. § 431.10(e); *see also Emily Q. v. Bonta*, 208 F. Supp. 2d 1078, 1093 (C.D. Cal. 2001). In other words, Alabama Medicaid may not evade its obligation to provide due process—whether under federal or state law—by delegating the decision of whether to do so to other entities, such as ASN.

33. The termination of Medicaid services meets the definition of a "contested case" under the AAPA. Both state and federal law require that the termination of Medicaid services be accompanied by an opportunity for the recipient to secure their rights at a pre-termination hearing. *See* Ala. Admin. Code § 560-X-3-.03(2), Ala. Admin. Code § 560-X-3-.01(1), 42 U.S.C. § 1396(a)(3), 42 C.F.R. § 431.220; *see also Benton v. Ala. Board of Med. Examiners*, 467 So. 2d 234, 236 (Ala. 1985) (citing Ala. Admin. Code § 41-22-2(a)) (nothing in the AAPA "relieves agencies of the duty to comply with additional procedural requirements otherwise established by law").

34. Thus, because Mr. DeLano's legal rights as related to the termination of the MCM service are required by both state and federal law to be determined by Alabama Medicaid after an opportunity for a hearing, the termination of same constitutes a "contested case" within the

meaning of the AAPA. And, because the termination of Medicaid services falls within the definition of a "contested case," Alabama Medicaid was obligated by the AAPA to grant Mr. DeLano an opportunity to be heard. This Court can and should order that that opportunity be granted. *See Huntsville Hous. Auth. v. State Licensing Bd. for Gen. Contrs.*, 179 So. 3d 146, 156 n.5 (Ala. Civ. App. 2014) (reaffirming that an aggrieved party may seek a court order compelling agency action where the agency has unreasonably delayed in acting, such as in granting the aggrieved party an opportunity for a hearing).

## VI.  LEGAL CLAIMS

### COUNT I
### Claim under 42 U.S.C. § 1983
### Deprivation of Federal Constitutional Rights
### (Denial of Procedural Due Process)

35. Plaintiff realleges and incorporates the allegations in Paragraphs 1 through 34 above as if set forth fully herein.

36. Mr. DeLano is entitled under federal law to adequate notice and opportunity for a pre-termination or pre-reduction hearing on any termination or reduction in medical care and services. *See Goldberg v. Kelly*, 397 U.S. 254 (1970) (holding that due process requires that welfare beneficiaries be given effective notice and right to a hearing).

37. Mr. DeLano is enrolled in the E&D Waiver program and is eligible for—and has a legitimate, cognizable interest in receiving—the services available to him under that waiver. As an E&D Waiver beneficiary, Mr. DeLano enjoys a constitutionally protected property interest in receiving the E&D Waiver services that he needs.

38. Because of that constitutionally protected property interest, Mr. DeLano also enjoys a variety of procedural protections associated with any attempt to reduce, suspend, or terminate the services giving rise to the property interest. However, the termination of Mr. DeLano's MCM

service was not accompanied by proper notice of the termination including notification that the termination can be appealed under Alabama administrative procedures.

39. Without proper notice of the termination and an opportunity to challenge same, Mr. DeLano has lost the opportunity to secure action by Defendants Azar and Brown to rectify his lack of services and the injuries that flow therefrom.

40. Defendants Azar and Brown would not be unduly burdened by providing Mr. DeLano an opportunity to contest the termination and/or ongoing lack of services through the State of Alabama's administrative hearing process.

41. Defendants Azar and Brown, acting under the color of state law, have violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

## COUNT II
### Claim under 42 U.S.C. § 1396a(a)(3)
### Violation of the Medicaid Act
### (Deprivation of Notice and Right to Fair Hearing)

42. Plaintiff realleges and incorporates the allegations in Paragraphs 1 through 34 above as if set forth fully herein.

43. Mr. DeLano is enrolled in the E&D Waiver program and entitled to adequate notice and a fair hearing under 42 U.S.C. § 1396a(a)(3) and 42 U.S.C. § 1983.

44. Defendants Azar and Brown, acting under the color of state law, have terminated a Medicaid-provided service.

45. Although the State of Alabama has developed a procedure to provide a pre-termination notice and hearing to any E&D Waiver beneficiary whose services are terminated, Defendants Azar and Brown, acting as gatekeepers to due process, have refused to provide Mr. DeLano access to the state's fair hearing procedures, as mandated by the Medicaid Act.

46. Defendants Azar and Brown are denying Mr. DeLano procedural due process by not providing him with the notice and Fair Hearing required by 42 U.S.C. § 1396(a)(3) in violation of 42 U.S.C. § 1983.

47. Defendants Azar and Brown have, under color of state law, deprived Mr. DeLano of rights or privileges and immunities secured to him by the United States Constitution, in violation of 42 U.S.C. § 1983.

## COUNT III
### Claim under Ala. Code §§ 41-22-1, *et seq.*
### Violation of the Alabama Administrative Procedure Act
### (Deprivation of Right to Hearing)

48. Plaintiff realleges and incorporates the allegations in Paragraphs 1 through 34 above as if set forth fully herein.

49. Mr. DeLano is enrolled in the E&D Waiver program, which is administered by Alabama Medicaid and ADSS, both of whom are "agencies" within the meaning of the AAPA. *See* Ala. Code § 41-22-3(1).

50. The termination of Medicaid services constitutes a "contested case" under the AAPA. *See* Ala. Code § 41-22-3(3).

51. The AAPA requires that all parties in a contested case must be provided with an opportunity for a hearing. *See* Ala. Code § 41-22-12(a).

52. The AAPA also provides that courts may compel agency action where the agency has unreasonably delayed in reaching a final decision in a contested case. *See* Ala. Code § 41-22-20(f).

53. Defendants Azar and Brown have denied Mr. DeLano the due process rights guaranteed to him by Alabama law, in violation of the Alabama Administrative Procedure Act, Ala.

Code §§ 41-22-1, *et seq*, by refusing to provide him with an opportunity to challenge the termination of his MCM services through the state's Fair Hearing system.

## VII. PRAYER FOR RELIEF

WHEREFORE, Mr. DeLano requests that this Honorable Court:

A. Assumes jurisdiction over this action and maintains continuing jurisdiction until Defendants are in full compliance with every order of this Court;

B. Declare that Defendants Azar and Brown's termination of Mr. DeLano's E&D Waiver services without adequate notice or opportunity for a Fair Hearing constitutes a denial of:

   i. Mr. DeLano's constitutionally protected right to due process of law guaranteed to her under the Fourteenth Amendment to the United States Constitution; and

   ii. Mr. DeLano's right to due process of law under the Medicaid program, Title XIX of the Social Security Act, 42 U.S.C. §§ 1396a *et seq*., and 42 U.S.C. § 1983.

C. Declare that the termination of Mr. DeLano's MCM service was not accompanied by proper notice and due process protections, and is therefore deficient and invalid as a matter of law.

D. Grant a permanent injunction enjoining Defendants to, *inter alia*:

   i. Reinstate Mr. DeLano's MCM service; or

   ii. Provide Mr. DeLano with the opportunity to challenge the termination of his MCM services through established Alabama administrative procedures.

      iii.      Provide Mr. DeLano with notice of any further decisions to deny, reduce, and/or terminate the E&D Waiver services that he is assessed to need, as well as notice of his right to challenge any such denial, reduction, and/or termination in a Fair Hearing conducted in accordance with the State of Alabama's administrative procedures.

E. Award Plaintiff Mr. DeLano the costs of this action and reasonable attorneys' fees pursuant to 10 U.S.C. § 794a, 42 U.S.C. §§ 1988, 12133, and 12205, and as otherwise may be allowed by law.

F. Grant all such other and further relief in favor of Mr. DeLano as this Court deems to be just and equitable.

Dated: May 30, 2024

                Respectfully submitted,

                */s/ Shandra M. Hartly*
                Shandra M. Hartly (ASB-1016-N00Q)
                J. Carlton Sims
                ALABAMA DISABILITIES ADVOCACY PROGRAM
                2008 12th Street
                Box 870395
                Tuscaloosa, AL 35487-0395
                T: (205) 348-4928
                F: (205) 348-3909
                Email: smonterastelli@adap.ua.edu

                *Counsel for Plaintiff James DeLano*

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL**