UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES DELANO, by and through his next friend, VICTORIA DELANO<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE M. AZAR, et. al.<br><br>Defendants. | CIVIL ACTION NO.<br><br>2:24-cv-00327-JTA |

### DEFENDANT ALABAMA SELECT NETWORK'S MOTION TO DISMISS

Defendant Alabama Select Network ("Defendant" or "ASN"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Motion to Dismiss Plaintiff's Complaint. Plaintiff's Complaint fails to state a claim upon which relief can be granted because there is not a single count or prayer for relief within the Complaint directed at ASN. For the following reasons, Plaintiff's claims against ASN should be dismissed with prejudice.

### BACKGROUND

On or around March 1, 2024, Plaintiff James DeLano (herein after, "Plaintiff") received notice that the Medical Case Management ("MCM") services he was being provided through Alabama's Elderly and Disabled Medicaid Waiver ("E&D") were being terminated. [Doc. 2, pg. 7]. The notice to Plaintiff stated that this was because the services were duplicative of those he was already receiving through the UAB STEP Clinic, the care and assistance expected of the Private Duty Nurse, and the assistance of the Personal Choice Workers. (*Id.*). On or about April 29, 2024, Plaintiff filed a grievance letter with Alabama Medicaid's Long Term Care Division in an effort to seek a more formal notice of the termination of services. [Doc. 2, pg. 8]. Plaintiff

54646726 v2

claims that the initial notice was not sufficient under the law and that he is owed the opportunity for hearing to challenge the termination of his MCM services. [Doc. 1, pg. 9].

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. 556 n.3. A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

In considering a motion to dismiss, a court must only accept "well-pleaded facts" and "reasonable inferences drawn from those facts." *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). The court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678; *see also Marsh v. Butler Cty.*, 268 F.3d 1014, 1036 n.17 (11th Cir. 2001). "Bald assertions" and "unwarranted deductions of fact" will not overcome a 12(b)(6) motion. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Rather, [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**ARGUMENT**

Plaintiff's Complaint against ASN fails to meet the most basic pleading standard of the Federal Rules of Civil Procedure. Out of the three counts made and the prayer for relief sought in the Complaint Plaintiff does not make any assertion, whether in any of the three counts or in the prayer for relief, that ASN is responsible for the alleged harm to the Plaintiff. In fact, ASN is not named in the three substantive counts or the prayer for relief at all.

When a plaintiff fails to make basic allegations against a defendant, it is proper for the Court to dismiss the "claims" asserted against the defendant. *See Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011) (affirming dismissal of outrage claim when the facts alleged in the Complaint did not support it). Here, Plaintiff alleges denial of due process and denial of a fair hearing against Stephanie M. Azar ("Azar") and Jean W. Brown ("Brown"), for the alleged lack of notice in the termination of the Plaintiff's MCM services. [Doc. 1, pg. 9]. However, Defendant ASN is only referenced in the case-style and sporadically throughout the facts section, never in the allegations of the denial of due process and fair hearing or within any of the enumerated requests for relief. The only named defendants whom are alleged to have caused harm to the Plaintiff by the alleged denial of due process and fair hearing are defendant Azar and defendant Brown. Plaintiff sets out no allegation of the acts or omissions that are alleged to have been caused by ASN, and with only the sporadic mention of ASN in the facts section, those are mere "bald assertions" that are "unwarranted deductions of facts." *Aldana*, 416 F.3d at 1248. Without any allegation against ASN, Plaintiff has failed to meet the standard of notice and entitlement to relief, which "requires more than labels and conclusions." *Twombly*, 550 U.S. at 553.

The attempt to collectively and generally bring ASN into a case where there are no allegations made against them is erroneous and does not meet the pleading requirements to which

this Defendant is entitled. Due to the lack of any allegations against ASN, it is evident that the Complaint does not state a claim against ASN, and the Complaint against ASN is due to be dismissed.

## CONCLUSION

Wherefore, all of Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Plaintiff failed to state a claim upon which relief can be granted against ASN.

          */s/Robin B. Mark*
          Robin B. Mark (BEA066)

          *Attorney for Defendant Alabama Select Network*

**OF COUNSEL:**
**BURR & FORMAN LLP**
**420 North 20th Street, Suite 3400**
**Birmingham, AL 35203**
**Telephone: (205) 251-3000**
**Facsimile: (205) 458-5100**
rmark@burr.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system on this the 19th day of July, 2024, which will send electronic notice to the following:

Shandra M. Hartly
J. Carlton Sims
Alabama Disabilities Advocacy Program
P.O. Box 870395
Tuscaloosa, Alabama 35487

John Warren Marsh
Joel Hartley Pearson
Ball, Ball, Matthews & Novak, P.A.
445 Dexter Avenue
Suite 9045
Montgomery, AL 36104

                                              */s/Robin B. Mark*
                                              OF COUNSEL