# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JAMES DELANO, by and through VICTORIA DELANO, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHANIE M. AZAR, in her official capacity As Commissioner of the Alabama Medicaid Agency, <br><br> JEAN W. BROWN, in her official capacity as Commissioner of the Alabama Department of Senior Services, <br><br> ALABAMA SELECT NETWORK, an Alabama Limited Liability Company, <br><br> ALAHEALTH, an Alabama Limited Liability Company, <br><br> SENIORSELECT PARTNERS, INC., a foreign corporation, <br><br> Defendants. | CASE NO. 2:24-cv-00327-JTA |

## DEFENDANT STEPHANIE M. AZAR, COMMISSIONER OF THE ALABAMA MEDICAID AGENCY'S, AND DEFENDANT JEAN BROWN, COMMISSIONER OF ALABAMA SENIOR SERVICES' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

COME NOW Defendants Stephanie M. Azar, Commissioner of the Alabama Medicaid Agency, and Jean W. Brown, Commissioner of the Alabama Department of

Senior Services, by and through undersigned counsel, and respectfully move this Honorable Court, pursuant to *Fed.R.Civ.P.* 12(b)(1), *Fed.R.Civ.P.* 12(b)(6) and *Fed.R.Civ.P.* 12(e), for an order dismissing Plaintiff's Complaint or, alternatively, requiring the Plaintiff, Victoria Delano, to provide a more definite statement, articulating the facts and claims giving rise to the instant action and/or her capacity to maintain the instant action for James Delano.  As grounds for this motion, Defendants would show unto this Honorable Court as follows:

**Standard of Review**

1.  Under *Federal Rules of Civil Procedure* Rule 8 and Rule 10, a pleader is required "to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading," and so "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne,* 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting *T.D.S. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1543 n. 14 (11th Cir. 1985) (Tjoflat, J., dissenting)). This cannot be accomplished where "[t]he complaint lacks the details needed to discern what facts, if any, support each of plaintiff's claims." *Chandler v. Volunteers of Am., Southeast, Inc.,* No. 12-CV-3701-NW, 2013 WL 4058078, at *3 (N.D. Ala. Aug. 12, 2013). Accordingly, a complaint should be amended where defendants are "left guessing from the Complaint as to how plaintiff was wronged, what defendants are alleged to have done, how plaintiffs contend that defendants are liable for

2

those acts and omissions, or how the factual allegations are possibly material to the particular causes of action asserted." *Garrett v. Stanton,* No. 08-CV-0175-WS-M, 2008 WL 4701215, at *7 n.15 (S.D. Ala. Oct. 22, 2008). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557. Rule 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal* at 679.

**Facts**

2. Plaintiff Victoria Delano purports to maintain this action on behalf of James Delano. James Delano is expressly alleged in the complaint to be "a 19-year-old man who resides in Hoover, Jefferson County, Alabama … [and] a beneficiary of Alabama's Elderly and Disabled (E&D)." *See* Doc. 1 at ¶ 5. This case involves allegations that the Defendants violated Plaintiff James Delano's rights.

3

**Argument**

3. As the party invoking federal jurisdiction, plaintiff has the burden of demonstrating that they have standing to sue. *Movimiento.Democracia, Inc. v. Johnson*, 193 F. Supp 3d 1353, 1366 (S.D. Fla. 2016), citing, *Mulhall v. Unite Here Local 355*, 618 F. 3d 1279, 1286 (11th Cir. 2010). The U. S. Supreme Court has explained the prerequisites for **next friend** standing as follows:

> First, a "**next friend**" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "**next friend**" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "**next friend**" must have some significant relationship with the real party in interest. The burden is on the "**next friend**" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Movimiento.Democracia, supra at 1367,* quoting, *Whitmore v. Arkansas,* 495 U.S. 149, 163, 110 S. Ct. 1717 (1990). In this case, Plaintiff Victoria Delano alleges she is the mother of James Delano, a 19-year-old man. *See* Doc. 1 at ¶ 5. Victoria Delano fails to allege any basis for which she has standing to sue on behalf of her 19-year-old son, an adult under the laws of the State of Alabama. *See* §26-1-1, Code of Ala. (1975).

4. Standing is not merely a pleading requirement but, rather, an indispensable part of the plaintiff's case. *Lujan v. Defenders of Wildlife*, 504 U.S.

4

555, 112 S. Ct. 2130, 2136 (1992). Plaintiff Victoria Delano has made no assertion that James Delano is incompetent to assert his own rights; therefore, Plaintiff Victoria Delano has no standing to assert claims on her son's behalf., and the complaint is due to be dismissed. *See Schuppin v. Unification Church*, 435 F. Supp 603, 606 (D. Vt. 1977); *see also, Runge v. Sanford*, 2009 WL 9083917(D. S.C. 2009) ("parents do not have standing to bring suit on behalf of adult child absent a showing that the child is incompetent); *Hamilton v. Commissioner, Social Security Admin.,* 2022 WL 3691674 (N.D. Tex 2022)(A *pro se*, non-attorney parent of an adult child does not have standing to file and litigate an action on behalf of the child against the Commissioner of Social Security for the denial of the adult child's claim for Social Security disability benefits).

5. This Court lacks subject matter jurisdiction of this action, and this action is due to be dismissed pursuant to *Fed.R.Civ.P.* 12(b)(1) for lack of subject matter jurisdiction. *See Hamilton, supra* at *2 (Parent of adult child did not have standing to litigate on behalf of adult child and action was due to be dismissed for lack of subject matter jurisdiction).

6. Plaintiff's Complaint and each count and cause thereof fails to state a cause of action against Defendant upon which relief can be granted and is due to be dismissed pursuant to *Fed.R.Civ.P.* 12(b)(6).

5

7. Alternatively, and if the Court determines it is unable to dismiss the Complaint, and all claims in the Complaint against these Defendants, Defendants request that Plaintiff be ordered to file a more definite statement of her claims against Defendants and her standing to assert such claims pursuant to *Fed.R.Civ.P.* 12(e).

8. Defendants adopt by reference as if fully set forth any applicable grounds supporting this motion that are asserted by any other co-defendant herein.

**WHEREFORE**, premises considered, Defendants, Stephanie M. Azar, Commissioner of the Alabama Medicaid Agency, and Jean W. Brown, Commissioner of the Alabama Department of Senior Services, respectfully request this Honorable Court to enter an Order dismissing Plaintiff's Complaint. Alternatively, if the Court determines it is unable to dismiss the Complaint, and all claims in the Complaint against these Defendants, Defendants Stephanie M. Azar, Commissioner of the Alabama Medicaid Agency, and Jean W. Brown, Commissioner of the Alabama Department of Senior Services request that Plaintiff be ordered to file a more definite statement of her claims against Defendants and her standing to assert such claims.

Respectfully submitted this the 19th day of July, 2024.

/s/Joel H. Pearson
**JOEL H. PEARSON (ASB-8033-N71J)**
**JOHN W. MARSH (ASB-6290-H64M)**
Attorneys for Defendants
Commissioner Stephanie M. Azar and Commissioner Jean W. Brown

OF COUNSEL:

**BALL, BALL, MATTHEWS & NOVAK, P.A**
445 Dexter Avenue, Suite 9045
Montgomery, Alabama  36104
(334) 387-7680 - telephone
(334) 387-3222 - facsimile
jpearson@ball-ball.com
jmarsh@ball-ball.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document upon the following counsel of record via CM/ECF electronic transmission and/or by placing same in the U.S. Mail, postage prepaid on July 19, 2024:

James Carlton Sims , Jr.
Law Office of J. Carlton Sims, Jr.
P.O. Box 373
Montgomery, Alabama 36101
jcsimslegal@gmail.com

Shandra N. Monterastelli, Esq.
Alabama Disabilities Advocacy Program
2008 12th Street
Box 870395
Tuscaloosa, Alabama 35487-0395
smonterastelli@adap.ua.edu

Robin Beardsley Mark
Burr & Forman, LLP
420 North 20th Street, Ste. 3400
Birmingham, Alabama  35203
rmark@burr.com

/s/ Joel H. Pearson
OF COUNSEL