UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES DELANO, by and through his next friend, VICTORIA DELANO,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE M. AZAR, in her official capacity as Commissioner of the Alabama Medicaid Agency, *et al.*,<br><br>    Defendants. | CASE NO. 2:24-cv-00327-JTA |

**PLAINTIFF'S RESPONSE TO DEFENDANTS ALABAMA DEPARTMENT OF SENIOR SERVICES' AND ALABAMA MEDICAID AGENCY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, <u>MOTION FOR A MORE DEFINITE STATEMENT</u>**

INTRODUCTION

Plaintiff is James DeLano, a recipient of Alabama's Elderly and Disabled (E&D) Medicaid waiver. Defendants Alabama Department of Senior Services (ADSS), Alabama Medicaid Agency (Alabama Medicaid), and Alabama Select Network, LLC (ASN), through their refusal to provide Mr. DeLano with the required due process protections in connection with the involuntary termination of his Medical Case Management, an E&D Waiver service, have violated Mr. DeLano's

rights under the Medicaid Act, the Fourteenth Amendment to the United States Constitution, and the Alabama Administrative Procedure Act. Defendants ADSS and Alabama Medicaid now move to dismiss this action, contending that Mr. DeLano's mother, Victoria DeLano, does not have standing to bring this action as Mr. DeLano's next friend, and that, therefore, this Court therefore lacks subject-matter jurisdiction over this action, and Mr. DeLano has failed to state a claim for which relief can be granted. *See* ECF No. 19. For the reasons set forth below, Defendants' motion should be denied.[1]

## MOTION TO DISMISS STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the Court considers "only the allegations in the complaint, accepting them as true for this purpose." *DeRoy v. Carnival Corp.*, 963 F. 3d 1302, 1309 (11th Cir. 2020) (internal citations omitted). Taking the allegations in the complaint as true, the Court must merely ". . . see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction[.]" *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.*, 524 F. 3d 1229, 1232-33 (11th Cir. 2008) (quotations and citations omitted). In this regard, "it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." *DeRoy*, 963 F. 3d at 1311

---

[1] Plaintiff's response to Defendant ASN's Motion to Dismiss, ECF No. 18, will be filed separately.

(internal citations omitted). General factual allegations are sufficient at the pleading stage to meet this burden. *Mulhall v. UNITE HERE Local 335*, 618 F. 3d 1279, 1286 (11th Cir. 2010) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Similarly, in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control & Prevention*, 623 F. 3d 1371, 1379 (11th Cir. 2010). In reviewing a motion to dismiss, courts "'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).

## DISCUSSION

**I.  Mr. DeLano and his mother meet the prerequisites for next friend standing as promulgated by *Whitmore v. Arkansas*.**

Defendants ADSS and Alabama Medicaid contend that Mr. DeLano's mother, Victoria DeLano, does not have standing to assert claims on Mr. DeLano's behalf. In support of their argument, Defendants point out that Mr. DeLano, at the age of 19, is an adult under Alabama law, and they contend that no assertion has been made that Mr. DeLano is "incompetent to assert his own rights." ECF No. 19 at ¶4. But Defendants' conclusion is not supported by the law of the Eleventh Circuit or the facts of this case. Mr. DeLano is an individual with a disability that precludes him from litigating this matter in his own name, and his mother has a sufficiently

significant relationship with Mr. DeLano to permit a conclusion that she is appropriately dedicated to his best interests. That is all that is required to establish the propriety of next friend standing.

Next friend standing is an "ancient and fully accepted practice." *Howard v. Kimley-Horn & Assocs.*, No. 1:20-CV-1666-CAP, 2021 U.S. Dist. LEXIS 67075, at *1, *16 (N.D. Ga. Mar. 10, 2021) (citing *U.S. ex rel Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)). Although it is not, by any means, "automatically granted" to an individual who seeks to litigate an action on behalf of another person, *see Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990), the restrictions that courts *do* place on next friend standing have their roots in policy considerations that are not germane to the instant matter. In general, such restrictions exist to guard against litigants "asserting only a generalized interest in constitutional governance" in circumvention of Article III's jurisdictional limits. *Id*. at 164; *see also Hauser v. Moore*, 223 F. 3d 1316, 1322 (11th Cir. 2000) (next friend standing was inappropriate where appellant's mother, who gave him up for adoption and had never represented him at his request, was motivated by her own views on the death penalty generally), *Weber v. Garcia*, 570 F. 2d 511, 514 (5th Cir. 1978)[2] (commenting that next friend standing may not be used as an "artifice" for the unauthorized practice of law, nor to "unleash on the

---

[2] *Bonner v. Prichard*, 661 F. 2d 1206 (11th Cir. 1981) adopted all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981 as binding precedent in the Eleventh Circuit.

courts a quasi-professional group of lay [advocates] who would seek to right all wrongs, both real and imagined."). In other words, courts place restrictions on next friend standing to exclude "uninvited meddlers" who style themselves as next friends for the purposes of "intruding" into a matter that otherwise does not concern them. *See Sanchez-Velasco v. Sec'y of the Dep't of Corr.*, 287 F. 3d 1015, 1029 (11th Cir. 2002).

Next friend standing, however, is appropriate in cases where two prerequisites are met. First, the putative next friend must be able to provide a reason why the real party in interest cannot litigate the action on their own behalf, such as a disability. *See Whitmore*, 495 U.S. at 164. Second, the next friend must be able to show that they are "truly dedicated to the best interests" of the party in whose shoes they stand. *See id.* (internal citations omitted). A third prerequisite, that the next friend must have a "significant relationship" with the real party in interest, has also been suggested, although the Eleventh Circuit generally subsumes that inquiry into the "best interests" inquiry. *See, e.g.*, *Sanchez-Velasco*, 287 F. 3d at 1026-27, *Lonchar v. Zant*, 978 F. 2d 637, 641 (11th Cir. 1992). *Whitmore*'s prerequisites are easily met in the instant case.

### A. Mr. DeLano has a disability that impedes his ability to litigate this case in his own name.

Next friend standing requires a showing that the real party in interest is not able to access the court, typically due to a disability or incarceration. Much of the

5

Eleventh Circuit's case law addressing next friend standing is in the specific context of habeas petitions filed on behalf of prison inmates. As such, many of the Eleventh Circuit's decisions addressing the question of disability as related to next friend standing utilize the standard promulgated by *Rees v. Payton* for determining competency to forego further legal proceedings in a criminal case. *See, e.g.*, *Lonchar*, 978 F. 2d at 641 (citing *Rees* test). That standard is inapplicable to the facts of this case. Additionally, at least one Alabama court has held that the inquiry in *Rees* applies "exclusively to next friend standing in habeas corpus cases," and does not control in non-habeas cases. *See Grace v. Palm Harbor Homes, Inc.*, 401 F. Supp. 2d 1230, 1234 (N.D. Ala. 2005). In any case, *Whitmore* requires only the presence of a disability that renders the real party in interest incapable of litigating the matter on their own behalf; it does not dictate what that disability must look like. *See Whitmore*, 495 U.S. at 163-64. Mr. DeLano fulfills this prong of the *Whitmore* analysis.

As a threshold matter, were Mr. DeLano not significantly disabled, he would not be eligible for the E&D Waiver, the program at the heart of this matter. The E&D Waiver's core eligibility requirement is that a recipient meet the Nursing Facility Level of Care (NF LOC) as promulgated in Ala. Admin. Code § 560-X-10-.10. *See* Ala. Admin. Code § 560-X-36-.02(2). Any individual receiving services under the E&D Waiver would therefore necessarily meet the definition of "disability"

promulgated in statutes such as the Americans with Disabilities Act. *See* 42 U.S.C. § 12102(1)(A)-(B) (defining "disability," in part, as a "physical or mental impairment that substantially limits one or more major life activities"), 42 U.S.C. § 12012(2) (definition of "major life activities"). As described below, Mr. DeLano would also meet the Alabama definition of an "incapacitated person," *see* Ala. Code § 26-2A-20(8), *Ex parte Jamison*, 336 So. 3d 175, 185 n.9 (Ala. 2021), due to the effect his disability has on his capacity to "make and communicate responsible decisions." Mr. DeLano also receives Supplemental Security Income (SSI) benefits, meaning that the Social Security Administration determined that he has a "medically determinable physical or mental impairment [resulting] in marked and severe functional limitations; and [which] has lasted or can be expected to last for a continuous period of not less than 12 months." Soc. Sec. Admin.: Supplemental Security Income (SSI) Eligibility Requirements (2024), https://www.ssa.gov/ssi/text-eligibility-ussi.htm. Mr. DeLano is clearly a person with a disability, and this is evident from the Complaint. *See* ECF No. 1 at ¶5 (noting that Mr. DeLano is an E&D Waiver recipient), ¶14 (discussing E&D Waiver eligibility criteria).

  Mr. DeLano's disability is complex and results in numerous physical and mental functional limitations that would impede his ability to maintain this action

7

without the assistance of a next friend.[3] Mr. DeLano fatigues easily due to his medical conditions, and he requires long and frequent rest breaks. He has poor stamina and endurance, and he has difficulty performing physical and cognitive tasks when he is fatigued or in pain. Mr. DeLano processes information at a low speed, according to academic testing. He also struggles to express his needs when he is ill or in pain. Mr. DeLano receives numerous accommodations to be able to attend college, due to the physical and mental effects of his disability. Mental exertion, such as that expended in maintaining litigation, risks triggering Mr. DeLano's familial hemophagocytic lymphohistiocytosis, a rare and severe immune deficiency disorder that can result in organ damage, brain damage, and death when activated by things like mental and emotional stressors. Litigation is strenuous under the best of circumstances; for someone with Mr. DeLano's health conditions, that strain could prove fatal. Bringing this action through a next friend allows Mr. DeLano not to have to choose between vindicating his rights and remaining alive.

But even if Mr. DeLano's disability did not require him to bring this action through a next friend due to his inability to maintain it himself, Mr. DeLano has executed a Durable Power of Attorney, naming both of his parents as his agents. So

---

[3] Defendants ADSS and Alabama Medicaid, in their roles as the agencies managing Mr. DeLano's waiver services, are (or should be, as a matter of federal law) in possession of all the information included herein regarding Mr. DeLano's disabilities.

long as the power of attorney document does not provide otherwise (Mr. DeLano's does not), agents have the power under Alabama law to initiate and participate in all aspects of litigation on behalf of the principal. *See* Ala. Code § 26-1A-212. As such, pursuant to Federal Rule of Civil Procedure 17(b), Mr. DeLano's mother and agent has authority to bring and maintain litigation on Mr. DeLano's behalf, irrespective of whether Mr. DeLano is "incompetent." *See Grace*, 401 F. Supp. 2d at 1234.

Defendants cite to several cases that are not binding on this Court to support the proposition that, because no assertion has been made that Mr. DeLano is "incompetent to assert his own rights," this action is due to be dismissed. But none of the cited cases are factually comparable the situation at hand. Therefore, they should not govern this Court's analysis.

For example, in *Schuppin v. Unification Church*, a Vermont case, an adult's parents sued a cult, seeking the release of their daughter. *Schuppin v. Unification Church*, 435 F. Supp. 603 (D. Vt. 1977). But the daughter "consistently disavowed any interest" in the suit and even intervened seeking its dismissal. *Id*. at 606. And in *Runge v. Sanford*, a South Carolina case, a father sued "on behalf of" his three adult children, apparently not at any of their request, complaining about the tuition and scholarship requirements at their colleges. *Runge v. Sanford*, No 6:08-231-GRA-WMC, 2009 U.S. Dist. LEXIS 74506 (D.S.C. Feb. 25, 2009). These cases are distinguishable in that they involve an aggrieved parent—the proverbial "uninvited

9

meddler" described by the Eleventh Circuit in *Sanchez-Velasco*—attempting to utilize next friend standing to air their own grievances without having been enlisted by the party allegedly harmed and without having experienced any harm themselves. These are the exact situations that restrictions on next friend standing were designed to prevent. *See, e.g.*, *Hauser*, 223 F. 3d at 1322. A situation where a parent brings an action to vindicate their disabled child's rights, per the disabled child's wishes, is entirely incomparable to the situations in *Schuppin* and *Runge*.

Finally, *Hamilton v. Comm'r SSA*, a Texas case, is distinguishable because the parent did not style herself as a next friend (the term is not even used in the opinion), but instead as a *pro se* litigant; her foray into court resembled the unauthorized practice of law more than anything else. *See Hamilton v. Comm'r SSA*, No. 3:22-cv-1501-G-BN, 2022 U.S. Dist. LEXIS 152856 (N.D. Tex. Aug. 3, 2022); *see also Weber*, 570 F. 2d at 514, *Devine v. Indian River Cty. Sch. Bd.*, 121 F. 3d 576, 581 (11th Cir. 1997) (only parties conducting their own cases may appear *pro se*; a non-attorney party may not represent the interests of another). That is simply not the case in the instant matter. Mr. DeLano's mother, per Mr. DeLano's wishes, styled herself as a next friend to permit her disabled son the opportunity to vindicate his rights in court without being forced to put his health, safety, and very life at risk. It is therefore clear that Mr. DeLano and his mother meet the first prong of the *Whitmore* analysis.

### B. Victoria DeLano, as James DeLano's mother, has a "significant relationship" with Mr. DeLano such that she is an appropriate person to serve as next friend.

In general, where the would-be next friend is a biological relative of the real party in interest, there exists a "significant relationship" permitting the conclusion that they are sufficiently dedicated to the best interests of the real party in interest; therefore, they may assert next friend standing. *See, e.g.*, *Hopler v. Crystal Tower, Inc.*, No. 13-62465-CIV-DIMITROULEAS, 2014 U.S. Dist. LEXIS 112278, at *1, *8 (S.D. Fla. June 19, 2014) (daughter's biological relation to and cohabitation with her elderly and disabled mother "sufficiently suggest[ed]" that she was dedicated to her mother's interests), *Sanchez-Velasco*, 287 F. 3d at 1029 (commenting that appellant's brother had a "significant relationship" with appellant and would therefore be considered to be "sufficiently 'dedicated to [his] best interests'"), *Lonchar*, 978 F. 2d at 641 (appellant's sister was "sufficiently dedicated" to his best interests); *see also Lenhard v. Wolff*, 443 U.S. 1306, 1310 (1979) (commenting on a mother's justification to serve as her son's next friend). Mr. DeLano's mother, by nature of the parental connection, has a "significant relationship" with Mr. DeLano permitting a conclusion that she is "sufficiently dedicated" to his best interests.

### II.     Dismissal of this matter is not the appropriate remedy.

Dismissal of a matter is an "extraordinary remedy," typically reserved for situations where parties "willful[ly] disobe[y]" court orders. *See Moon v. Newsome*,

11

863 F. 2d 835, 837 (11th Cir. 1989), *State Exchange Bank v. Hartline*, 693 F. 2d 1350, 1352 (11th Cir. 1982). Even if this Court determines that Mr. DeLano has not sufficiently alleged that his mother can assert next friend standing to maintain this action on his behalf, the remedy is not dismissal. The law in this arena is well-settled: Mr. DeLano must instead be granted the opportunity to amend his claims. *See, e.g.*, *Blackburn v. Shire*, 18 F. 4th 1310, 1317 (11th Cir. 2021), Fed. R. Civ. P. 15(a)(2) (courts should "freely give" leave to amend complaints "when justice so requires"). Thus, although Mr. DeLano's mother is an appropriate next friend for the reasons described above, if this Court determines differently, then Mr. DeLano must be granted the opportunity to amend his complaint.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement is due to be denied.

Dated: August 5, 2024

                                            Respectfully submitted,

                                            */s/ Shandra M. Hartly*

                                            Shandra M. Hartly (ASB-1016-N00Q)
                                            J. Carlton Sims
                                            ALABAMA DISABILITIES ADVOCACY
                                            PROGRAM
                                            2008 12th Street
                                            Box 870395
                                            Tuscaloosa, AL 35487-0395
                                            T: (205) 348-4928

F: (205) 348-3909
Email: smhartly@adap.ua.edu

*Counsel for Plaintiff James DeLano*

13

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on all counsel of record by filing same with the Clerk of Court via the CM/ECF system this 5th day of August, 2024.

/s/ Shandra M. Hartly
Shandra M. Hartly (ASB-1016-N00Q)
*Counsel for Plaintiff*
