UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES DELANO, by and through his next friend, VICTORIA DELANO,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE M. AZAR, in her official capacity as Commissioner of the Alabama Medicaid Agency, *et al.*,<br><br>    Defendants. | CASE NO. 2:24-cv-00327-JTA |

**PLAINTIFF'S RESPONSE TO DEFENDANT
<u>ALABAMA SELECT NETWORK'S MOTION TO DISMISS</u>**

INTRODUCTION

Plaintiff is James DeLano, a recipient of Alabama's Elderly and Disabled (E&D) Medicaid waiver. Defendants Alabama Department of Senior Services (ADSS), Alabama Medicaid Agency (Alabama Medicaid), and Alabama Select Network, LLC (ASN), through their refusal to provide Mr. DeLano with the required due process protections in connection with the involuntary termination of his Medical Case Management, an E&D Waiver service, have violated Mr. DeLano's rights under the Medicaid Act, the Fourteenth Amendment to the United States Constitution, and the Alabama Administrative Procedure Act. Defendant ASN now

moves to dismiss this action, contending that Mr. DeLano failed to state a claim against Defendant ASN upon which relief can be granted. *See* ECF No. 18. For the reasons set forth below, Defendant's motion should be denied.[1]

## MOTION TO DISMISS STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests the sufficiency of the complaint against the legal standard set forth in Rule 8: 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Smith v. Ivey*, 501 F. Supp. 3d 1248, 1257 (M.D. Ala. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the [c]ourt accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dept. of Health and Human Servs. Ctrs. for Disease Control & Prevention*, 623 F. 3d 1371, 1379 (11th Cir. 2010). A

---

[1] Plaintiff's response to Defendants Brown and Azar's Motion to Dismiss, or, in the Alternative, Motion for a More Definite Statement, ECF No. 19, will be filed separately.

motion to dismiss only "tests the sufficiency of the complaint; it does not decide the merits of the case." *Milburn v. U.S.*, 734 F. 2d 762, 765 (11th Cir. 1984). This rule "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Watts v. Fla. Int'l. Univ.*, 495 F. 3d 1289, 1295-96 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

## DISCUSSION

**I.    Mr. DeLano has appropriately alleged that Defendant ASN is liable for the misconduct alleged in the Complaint.**

Defendant ASN contends here that Mr. DeLano has failed to state a claim against it, and that this matter should be dismissed. Defendant's argument is without merit and its motion is therefore due to be denied.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When reviewing a motion to dismiss, courts "presume that general allegations embrace those specific acts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal citations omitted).

In support of its argument, Defendant claims that Mr. DeLano failed to make basic allegations against ASN, and asserts that ASN is referenced only "sporadically

throughout the facts section." ECF No. 18 at 3. Defendant ASN further asserts that Defendants Brown and Azar are the only defendants alleged to have violated Plaintiff's due process rights. *See* ECF No. 18 at 3. But Defendant ASN's Motion to Dismiss mischaracterizes the facts of the Complaint. The allegations in Paragraphs 24-29 of the Complaint exclusively discuss the initial termination of services as relayed through ASN, as well as further communication between Mr. DeLano and his representatives (including the undersigned counsel), ASN representatives, and ASN's counsel. *See* ECF No. 1 at ¶¶24-29. In fact, either Defendant ASN or ASN's counsel are named explicitly and discussed in detail in Paragraphs 24, 26, 27, 28, 29, 30, 31, and 32 of the Complaint. *See* ECF No. 1 at ¶¶24-32.

Mr. DeLano's Complaint against ASN comports with the pleading standard of the Federal Rules of Civil Procedure. It contains sufficient factual matter to allow the court to infer ASN is liable for alleged misconduct, as required by *Iqbal*. It is not an "attempt to collectively and generally bring ASN into a case where there are no allegations made against them." *See* ECF No. 18 at 3. Paragraphs 24-29 of the Complaint unequivocally allege Defendant ASN violated federal and state law by terminating Mr. DeLano's waiver services without due process. *See* ECF No. 1 at ¶¶24-29.

Additionally, despite ASN not being explicitly named in the causes of action or prayer for relief, Paragraphs 35, 42, and 48 of the Complaint reallege and

incorporate the allegations in Paragraphs 1-34. *See* ECF No. 1 at ¶¶35, 42, 48. This includes the allegations against ASN contained in Paragraphs 24-29 and 30-32. *See id*. Paragraph C in the prayer for relief asks the Court to "[d]eclare that the termination of Mr. DeLano's MCM service was not accompanied by proper notice and due process protections, and is therefore deficient and invalid as a matter of law." *See* ECF No. 1 at 14. Plaintiff alleges Defendant ASN, as the provider of MCM service, terminated Mr. DeLano's service without proper notice and due process protections. *See, e.g.*, *Catanzano v. Dowling*, 60 F. 3d 113, 117 (2d Cir. 1995) (the decision of a private care provider to reduce, deny, or terminate services can be deemed state action that triggers a Medicaid recipient's right to a fair hearing under the Medicaid Act). Therefore, Plaintiff's Complaint states a claim against Defendant ASN upon which relief can be granted, satisfying the pleading standard of the Federal Rules of Civil Procedure.

II. **Dismissal of this matter is not the appropriate remedy.**

Dismissal of a matter is an "extraordinary remedy," typically reserved for situations where parties "willful[ly] disobe[y]" court orders. *See Moon v. Newsome*, 863 F. 2d 835, 837 (11th Cir. 1989), *State Exchange Bank v. Hartline*, 693 F. 2d 1350, 1352 (11th Cir. 1982). Even if this Court determines that Mr. DeLano has not sufficiently alleged that ASN is responsible for the actions that gave rise to this action, the remedy is not dismissal. The law in this arena is well-settled: Mr. DeLano

must instead be granted the opportunity to amend his claims. *See, e.g.*, *Blackburn v. Shire*, 18 F. 4th 1310, 1317 (11th Cir. 2021), Fed. R. Civ. P. 15(a)(2) (courts should "freely give" leave to amend complaints "when justice so requires"). Thus, although Mr. DeLano has appropriately pled his claims against ASN for the reasons described above, if this Court determines differently, then Mr. DeLano must be granted the opportunity to amend his complaint.

## CONCLUSION

Mr. DeLano raises cognizable claims that Defendant ASN's termination of Medicaid waiver services without due process violate the Constitution, the Medicaid Act and its implementing regulations, and the Alabama Administrative Procedure Act. Plaintiff has asserted an injury-in-fact traceable to Defendant ASN's conduct and redressable by a favorable decision from this Court. The Complaint meets the pleading standards of the Federal Rules of Civil Procedure. For these reasons, Defendant ASN's Motion to Dismiss is due to be denied.

Dated: August 5, 2024

Respectfully submitted,

*/s/ Shandra M. Hartly*

Shandra M. Hartly (ASB-1016-N00Q)
J. Carlton Sims
ALABAMA DISABILITIES ADVOCACY
PROGRAM
2008 12th Street
Box 870395
Tuscaloosa, AL 35487-0395

T: (205) 348-4928
F: (205) 348-3909
Email: smhartly@adap.ua.edu

*Counsel for Plaintiff James DeLano*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have caused a true and correct copy of the foregoing to be served on all counsel of record by filing same with the Clerk of Court via the CM/ECF system this 5th day of August, 2024.

<div style="margin-left: 50%;">

/s/ Shandra M. Hartly
Shandra M. Hartly (ASB-1016-N00Q)
*Counsel for Plaintiff*

</div>