UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES DELANO, by and through his next friend, VICTORIA DELANO,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE M. AZAR, et. al.<br><br>    Defendants. | CIVIL ACTION NO.<br><br>2:24-cv-00327-JTA |

### DEFENDANT ALABAMA SELECT NETWORK'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Alabama Select Network ("Defendant" or "ASN"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Reply in Support of its Motion to Dismiss Plaintiff's Complaint, and respectfully states as follows:

### INTRODUCTION

The Court should dismiss the Plaintiff's Complaint for failure to state a claim for which relief can be granted because it relies on legal conclusions and baseless allegations. Plaintiff's Complaint and Response in Opposition to ASN's Motion to Dismiss ("Response") fail to allege sufficient facts against ASN to meet the pleading requirements. Plaintiff has offered no viable arguments for saving any of the insufficient claims in the Complaint against ASN. Although Plaintiff's Response attempts to address the shortcomings in their Complaint, it only does so with generalities that do not meet the pleading requirements. Accordingly, ASN respectfully requests the Court enter an Order dismissing Plaintiff's claims against ASN.

**ARGUMENT**

I. **Plaintiff's claims rely on mere conclusory allegations against ASN and are due to be dismissed.**

The Plaintiff's allegations are that there was a failure to give notice and a fair hearing to the Plaintiff when his MCM services were terminated. [Doc. 2]. In the enumerated counts and the prayer for relief, the Plaintiff only names Defendant Stephanie M. Azar ("Azar") and Defendant Jean W. Brown ("Brown") as the defendants who allegedly failed to give the Plaintiff notice and a fair hearing. In response, the Plaintiff states that because ASN is mentioned in the Complaint, Paragraphs 24-29, and as the MCM provider, that those sporadic mentions of ASN are enough to infer ASN is liable for the alleged misconduct. However, this Court has held that bald assertions against a defendant are not sufficient to meet the pleading standards when looking at 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)(holding that "[b]ald assertions" and "unwarranted deductions of fact" will not overcome a 12(b)(6) motion.).

To try and overcome ASN's Motion, Plaintiff attempts to bring ASN into the prayer for relief by stating that their verbiage of "[d]eclare that the termination of Mr. DeLano's MCM services was not accompanied by proper notice and due process protections, and is therefore deficient and invalid as a matter of law," is enough to meet the pleading requirements and allege misconduct against ASN. [Doc. 25, pg. 5]. However, as ASN stated in its Motion, the only defendants that were named under the enumerated counts and in the prayer for relief are Defendants Azar and Brown, not ASN. Further, Plaintiff also attempts to argue that under *Catanzano v. Dowling*, 60 F. 3d 113, 117 (2nd Cir. 1995), because ASN is the provider of the MCM services that were terminated, they automatically are the party that is liable for the failure to allegedly provide notice and a fair hearing. [Doc. 25, pg. 5]. However, again, Plaintiff did not

plead this against ASN in the Complaint in the enumerated counts or the prayer for relief. Accordingly, Plaintiff failed to meet the pleading requirements and ASN's Motion to Dismiss is due to be granted.

II. **Dismissal of this matter is the appropriate remedy**.

Dismissal is a proper remedy when a plaintiff fails to make basic allegations against a defendant. It is widely held that it is proper for the Court to dismiss the "claims" asserted against the defendant when there are no basic allegations against them. *See Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011) (affirming dismissal of outrage claim when the facts alleged in the Complaint did not support it). Here, there are no basic allegations against ASN in the Complaint. The only basic allegations of misconduct for the denial of due process and a fair hearing are against Defendants Azar and Brown. Therefore, ASN is due to be dismissed, and ASN's Motion to Dismiss is due to be granted.

## CONCLUSION

Wherefore, all of Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Plaintiff failed to state a claim upon which relief can be granted against ASN, and ASN's Motion to Dismiss is due to be granted.

/s/Robin B. Mark
Robin B. Mark (BEA066)

*Attorney for Defendant Alabama Select Network*

**OF COUNSEL:**
**BURR & FORMAN LLP**
**420 North 20th Street, Suite 3400**
**Birmingham, AL 35203**
**Telephone: (205) 251-3000**
**Facsimile: (205) 458-5100**
rmark@burr.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system on this the 12th day of August, 2024, which will send electronic notice to the following:

Shandra M. Hartly  
J. Carlton Sims  
Alabama Disabilities Advocacy Program  
P.O. Box 870395  
Tuscaloosa, Alabama 35487

John Warren Marsh  
Joel Hartley Pearson  
Ball, Ball, Matthews & Novak, P.A.  
445 Dexter Avenue  
Suite 9045  
Montgomery, AL 36104

                                        */s/Robin B. Mark*  
                                        OF COUNSEL