## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JAMES DELANO, by and through VICTORIA DELANO** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) | |
| **STEPHANIE M. AZAR, in her official capacity As Commissioner of the Alabama Medicaid Agency,** | ) ) ) ) | |
| **JEAN W. BROWN, in her official capacity as Commissioner of the Alabama Department of Senior Services,** | ) ) ) ) | **CASE NO. 2:24-cv-00327-JTA** |
| **ALABAMA SELECT NETWORK, an Alabama Limited Liability Company,** | ) ) ) | |
| **ALAHEALTH, an Alabama Limited Liability Company,** | ) ) ) | |
| **SENIORSELECT PARTNERS, INC., a foreign corporation,** | ) ) ) | |
| **Defendants.** | ) | |

## DEFENDANT STEPHANIE M. AZAR, COMMISSIONER OF THE ALABAMA MEDICAID AGENCY'S, AND DEFENDANT JEAN BROWN, COMMISSIONER OF ALABAMA SENIOR SERVICES' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITIE STATEMENT

COME NOW Defendants Stephanie M. Azar, Commissioner of the Alabama

Medicaid Agency, and Jean W. Brown, Commissioner of the Alabama Department of

Senior Services, by and through undersigned counsel, and in accordance with this Court's July 22, 2024, Order (Doc. 21), submit this Reply to Plaintiff's Response to Defendants' Motin to Dismiss or, in the alternative, Motion for More Definite Statement. (Doc. 24).

1.     Defendants incorporate the entirety of their previously filed Motion to Dismiss or in the alternative Motion for More Definite Statement (Doc. 19), to include the standard of review, facts, and all legal arguments, as if fully set forth herein.

2.     As the party invoking federal jurisdiction, plaintiff has the burden of demonstrating that she has standing to sue. *Movimiento.Democracia, Inc. v. Johnson*, 193 F. Supp 3d 1353, 1366 (S.D. Fla. 2016), citing, *Mulhall v. Unite Here Local* 355, 618 F. 3d 1279, 1286 (11th Cir. 2010). Standing is not merely a pleading requirement but, rather, an *indispensable* part of the plaintiff's case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 2136 (1992). Plaintiff's Complaint is completely devoid of any statements or facts which evidence that Victoria DeLano has standing to assert claims on behalf of her adult son, James DeLano. Therefore, Defendants reassert their request for relief: that Plaintiff's Complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), or, in the alternative, that Plaintiff be ordered to file a more definite statement of her claims against Defendants and her standing to assert such claims pursuant to Fed.R.Civ.P. 12(e).

3.     Plaintiff asserts in her Response to Defendants' pending Motion that James DeLano has a complex disability that results in "numerous physical and

mental functional limitations that would impede his ability to maintain this action without the assistance of a next friend." (Doc. 24, p.7-8). In support of this contention, Plaintiff outlines various signs and symptoms of James DeLano's alleged disability and states that he receives Supplemental Security Income benefits. Additionally, Plaintiff states that James DeLano has executed a Durable Power of Attorney naming his parents as his agents and claims said document does not prohibit his agents from initiating litigation on his behalf under Alabama law. While all of Plaintiff's assertions may be true, none of them were contained within the four corners of Plaintiff's Complaint[1]. Instead, Plaintiff's Complaint merely states that James DeLano is an adult resident of the state of Alabama who receives benefits through Alabama's Elderly and Disabled (E&D) Medicaid Waiver. (Doc. 1, ¶5).

4.     The Supreme Court has stated that, as a prerequisite for "next friend" standing, the "next friend" "must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 163, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). Standing is

---

[1] It is well known that when determining a motion to dismiss, the court is "limited to the four corners of the complaint." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "Factual allegations newly introduced in [plaintiff's response] cannot be considered for purposes of a motion to dismiss."; *Escutia v. Carnival Corp.*, No. 23-24230-CIV, 2024 WL 1931703, at *8 (S.D. Fla. Mar. 13, 2024) ("It is well established that a plaintiff cannot successfully defend the adequacy of his Complaint allegations by referring to allegations not in the Complaint and supplementing (through rhetoric in a memorandum) his existing complaint in a response to a motion to dismiss.").

a threshold issue that must be determined at the outset of any case. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). In determining whether a plaintiff has pled a valid cause of action, courts are required to consider only the four corners of the complaint, except, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal. *Crespo v. Coldwell Banker Mortg.*, 599 Fed.Appx.868, N.1 (11th Cir. 2014) citing *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 D.3d 1364, 1369 (11th Cir. 1997). While Plaintiff included certain documents as exhibits to the Complaint, none of those documents have any bearing on Victoria DeLano's standing to prosecute this action on behalf of James DeLano.

5.    While Plaintiff alleges in her Response that she and James DeLano fulfill the first *Whitmore* prong, such assertion is misguided, as the Complaint only refers to James DeLano as an adult resident of the state of Alabama who receives Alabama's Elderly and Disabled Medicaid Waiver benefits. The Complaint contains no further "adequate explanation" as to how James DeLano's receipt of these benefits deems him unable to appear on his own behalf to prosecute the above styled action. *See Whitmore*, 495 U.S. 149, 163, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). Moreover, Plaintiff's assertion that she is entitled to initiate and participate in the above styled action based upon her status as agent of James DeLano under a Durable

Power of Attorney pursuant to Ala. Code §26-1A-212, is not alleged in the Complaint.

6.     Plaintiff's Complaint fails to present sufficient evidence for Defendants (and this Court) to determine whether James DeLano is impaired to the extent that he cannot prosecute this action on his own behalf, and, per the four corners of the Complaint, Plaintiff Victoria DeLano's standing is based solely on the fact that her son receives certain benefits under Alabama's E&D Medicaid Waiver program. As stated in Defendants' pending Motion, Rule 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief, and naked assertions devoid of further factual enhancement are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (internal quotations marks omitted). Alternatively, a complaint should be amended where defendants are "left guessing from the Complaint as to how plaintiff was wronged, what defendants are alleged to have done, how plaintiffs contend that defendants are liable for those acts and omissions, or how the factual allegations are possibly material to the particular causes of action asserted." *Garrett v. Stanton*, No. 08-CV-0175-WS-M, 2008 WL 4701215, at *7 n.15 (S.D. Ala. Oct. 22, 2008).

**WHEREFORE**, premises considered, Defendants, Stephanie M. Azar, Commissioner of the Alabama Medicaid Agency, and Jean W. Brown, Commissioner of the Alabama Department of Senior Services, respectfully request this Honorable Court to enter an Order dismissing Plaintiff's Complaint. Alternatively, if the Court determines it is unable to dismiss the Complaint, these Defendants request that Plaintiff be ordered to file an amended complaint, setting forth a more definite statement of her claims and providing an adequate explanation as to her standing to assert such claims on behalf of James DeLano.

/s/Joel H. Pearson
**JOEL H. PEARSON (ASB-8033-N71J)**
**JOHN W. MARSH (ASB-6290-H64M)**
Attorneys for Defendants
Commissioner Stephanie M. Azar and Commissioner Jean W. Brown

OF COUNSEL:

**BALL, BALL, MATTHEWS & NOVAK, P.A**
445 Dexter Avenue, Suite 9045
Montgomery, Alabama  36104
(334) 387-7680 - telephone
(334) 387-3222 - facsimile
jpearson@ball-ball.com
jmarsh@ball-ball.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document upon the following counsel of record via CM/ECF electronic transmission and/or by placing same in the U.S. Mail, postage prepaid on August 12, 2024:

James Carlton Sims , Jr.
Law Office of J. Carlton Sims, Jr.
P.O. Box 373
Montgomery, Alabama 36101
jcsimslegal@gmail.com

Shandra Hartly
Alabama Disabilities Advocacy Program
2008 12th Street
Box 870395
Tuscaloosa, Alabama 35487-0395
smonterastelli@adap.ua.edu

Robin Beardsley Mark
Burr & Forman, LLP
420 North 20th Street, Ste. 3400
Birmingham, Alabama  35203
rmark@burr.com

/s/ Joel H. Pearson
OF COUNSEL